## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

MORGAN HOWARTH                                    :

        **Plaintiff,**                               :

vs.                                               :

HAIER US APPLIANCE SOLUTIONS,                     :
INC. d/b/a GE APPLIANCES, FOUR
BROTHERS-CUSTOM CARPENTRY                          :
AND RENOVATIONS LLC; and LEROY
JOHNSON, KENT JOHNSON, BEN                         :
JOHNSON, ALFRED JOHNSON
(individually)                                    :

        **Defendants**                               :

**CIVIL ACTION #**

5:24.CV.306.KRC

Eastern District of Kentucky
FILED

OCT 2 5 2024

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

### PLAINTIFF'S ORIGINAL COMPLAINT

    Plaintiff, Morgan Howarth, by and through his undersigned attorneys, respectfully alleges as follows for his complaint against Defendants.

### PARTIES

    1.    Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is an individual residing in Gainesville, Virginia.

    2.    Defendant Hair US Appliance Solutions, Inc. d/b/a GE Appliances ("Defendant" or "GE") is a Kentucky for-profit corporation with its principal place of business at 4000 Buechel Bank Rd., Louisville, KY 40225. Upon information and belief, Defendant GE may be served through its registered agent, C T Corporation System, 306 Main St., Ste 512, Frankfort, KY 40601.

    3.    Defendant Four Brothers–Custom Carpentry and Renovations, LLC ("Defendant" or "Four Brothers") is a District of Columbia limited liability company with its principal place of business at 4009 Georgia Ave NW, Washington DC 20011. Upon information and belief,

Defendant Four Brothers may be served through its registered agent, INCORP Services, Inc., 1100 H Street NW, Washington, D.C., 20005.

4.      Defendant Leroy Johnson (sometimes referred to as "<u>Defendant</u>") is an individual believed to be residing in Washington, D.C., and may be served at his place of business Four Brothers–Custom Carpentry and Renovations, LLC, 4009 Georgia Ave NW, Washington DC 20011, or wherever he may be found.

5.      Defendant Kent Johnson (sometimes referred to as "<u>Defendant</u>") is an individual believed to be residing in Washington, D.C., and may be served at his place of business Four Brothers–Custom Carpentry and Renovations, LLC, 4009 Georgia Ave NW, Washington DC 20011, or wherever he may be found.

6.      Defendant Ben Johnson (sometimes referred to as "<u>Defendant</u>") is an individual believed to be residing in Washington, D.C., and may be served at his place of business Four Brothers–Custom Carpentry and Renovations, LLC, 4009 Georgia Ave NW, Washington DC 20011, or wherever he may be found.

7.      Defendant Alfred Johnson (sometimes referred to as "<u>Defendant</u>") is an individual believed to be residing in Washington, D.C., and may be served at his place of business Four Brothers–Custom Carpentry and Renovations, LLC, 4009 Georgia Ave NW, Washington DC 20011, or wherever he may be found.

## <u>NATURE OF THE CLAIM</u>

8.      This is an action for copyright infringement arising in connection with GE's unauthorized commercial use of two of Plaintiff's architectural photographs; and Four Brothers' inducement of at least 8 other vendors to make similar unauthorized uses of Plaintiff's photographs.

## JURISDICTION AND VENUE

9.      This action arises under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

10.      This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and/or because the one or more of the Defendants may be found in this District.

## CONDITIONS PRECEDENT

11.      All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

12.      Plaintiff Morgan Howarth is a highly-regarded architectural photographer based in Virginia. Mr. Howarth utilizes a painstaking photo-process which combines multiple exposures to create a rich, distinctive result and is highly sought after for his work. Mr. Howarth's expansive client base includes CBS, Timex, Sears, Cole Haan, Home and Design Magazine, Hilton Worldwide, Modern Luxury Magazine, and Marriott International.

13.      Defendant GE is an appliance manufacturer with its principal offices in Lexington, Kentucky.

14.      Defendant Four Brothers is a construction and remodeling company with its principal offices in Washington, D.C.

15.      Upon information and belief, Defendant Leroy Johnson, Kent Johnson, Ben Johnson and Alfred Johnson are owners and officers of Four Brothers.

16.     Howarth is the sole author and creator of the photographs at issue in this action, which include a pair of photos related to a kitchen remodel in the Georgetown neighborhood of Washington, D.C. performed by Four Brothers (the "<u>Georgetown Photos</u>").

17.     The Georgetown Photos were previously licensed to Four Brothers for its own marketing and promotional purposes; however, the license in question specifically prohibited the use of the photos by any third parties without Plaintiff's specific authorization and permission. Defendants were well-aware of this limitation, and initially adhered to it.

18.     The Georgetown Photos were timely registered with the U.S. Copyright Office, which issued registration number VA 2-174-311, effective September 14, 201 9 ("**Exhibit A**").

19.     Upon information and belief, in or around October, 2020 , Four Brothers purported to authorize GE to post the Georgetown Photos to its Instagram account for marketing purposes, and for the additional promotional benefit of Defendants' affiliated company District Cabinets (which is tagged in one of the posts), without Plaintiff's authorization, as reflected below.





20.     Upon information and belief, Four Brothers have purported to authorize at least eight (8) other vendors to use the Georgetown Photos, and/or other photographs created by the Plaintiff (hereinafter, the "Additional Photos"), in direct contravention of the limited rights granted to it by Plaintiff. Examples of these unauthorized third-party uses and the photographs at issue are reflected in **Exhibit B** hereto, which include infringing uses by Defendants' affiliated company District Cabinets, as well as Barn Light Electric, Cabico, Inc., Ceasarstone, Elmwood Cabinetry, Schieber Sales, Sherwin Williams, and Third Street Architecture, LLC (hereinafter, the "Third-Party Infringers"), for a total of 142 additional infringing uses.

21.     All of the Additional Photos were timely registered with the U.S. Copyright Office, as reflected in the copyright registrations attached as **Exhibit C**.

22.     On January 31, 2024, Plaintiff placed GE on notice of its unauthorized use of the Georgetown Photos and followed-up several times in a good faith effort to resolve his claims for copyright infringement. GE's counsel confirmed that it "re-grammed" a Four Brothers Instagram

post, and represented that Four Brothers had assured her that there was no issue with its use of the photos, but otherwise refused to substantively respond, and eventually stopped communicating with Plaintiff's counsel.

23.     Plaintiff, through the undersigned, also reached out to Four Brothers on numerous occasions in an attempt to resolve his outstanding claims, including correspondence dated January 10, 2024, and February 16, 2024, but Four Brothers declined to respond.

24.     Plaintiff now brings this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

25.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

26.     By its actions alleged above, Defendant GE has infringed Howarth's copyrights in the Georgetown Photos. Specifically, by copying, displaying distributing and otherwise exploiting the Georgetown Photos on GE's Instagram account, GE has infringed Howarth's exclusive rights set forth in 17 U.S.C. § 106.

27.     Defendant GE's actions constituted willful infringement of Howarth's copyrights inasmuch as it knew, or had reason to know, that its use of the Georgetown Photos was unauthorized; and/or because it acted with reckless disregard of Plaintiff's copyrights. Upon information and belief, GE is a sophisticated company with extensive experience in marketing and advertising, and is well aware of the need to vet ownership rights and obtain appropriate authorizations before using photographs for marketing purposes. Upon information and belief, GE failed to make adequate inquiry as to its rights to commercially exploit the Georgetown Photos, and recklessly posted them anyway. *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported

finding of willfulness); *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant … recklessly disregarded the possibility" of infringement).

28.     As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendant GE's profits attributable to the infringement; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

29.     Plaintiff is further entitled to injunctive relief, prohibiting the Defendant GE from making any further unauthorized uses of the Georgetown Photos. 17 U.S.C. § 502.

## COUNT 2: CONTRIBUTORY COPYRIGHT INFRINGEMENT

30.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

31.     By their actions alleged above, Defendant Four Brothers has contributorily infringed Plaintiff's copyrights. Upon information and belief, Four Brothers induced, caused and/or materially contributed to the infringing conduct of GE and one or more of the Third-Party Infringers by, *inter alia*, purporting to authorize them to use the Georgetown Photos and the Additional Photos (hereinafter collectively referred to as the "Photos"). *See Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007). In addition to the foregoing, Four Brothers contributorily infringed Plaintiff's copyrights by posting the Photos to social media sites like Instagram, Facebook, and Pinterest—which are designed to induce third parties to copy and share content; and was fully aware that the Photos were being shared without Plaintiff's authorization because Four Brothers was tagged in the shared posts.[1]

32.     Upon further information and belief, Defendants Leroy Johnson, Kent Johnson, Ben Johnson, and Alfred Johnson are jointly and severally liable for any contributory copyright infringement committed by Four Brothers because they participated in the acts of contributory

---

[1] *See, e.g.*, GE's social media post illustrated at p. 4, *supra*, "tagging" Four Brothers.

infringement (by personally authorizing the uses in question and/or authorizing the posting of the material on various social media sites designed to encourage the unauthorized sharing of the Photos) and/or because they are the dominant influences in the company, and determined the policies that resulted in the infringement. *See, e.g., Broad. Music, Inc. v. Bar None of Reynoldsburg, Inc.*, No. 2:11-cv-00625, 2012 U.S. Dist. LEXIS 104742, *10 (S.D. Ohio July 27, 2012) (citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 633 (D.C. New. Hamp. 1986).

33.    As a result of their conduct, Defendants are jointly and severally liable for the infringing acts of GE and each of the Third-Party Infringers that they induced to commit copyright infringement, thereby entitling Plaintiff to a separate award of statutory damages for each work infringed by each infringer (presently calculated at 68). *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1190 (9th Cir. 2016) (finding that the number of statutory damages awards available under § 504(c)(1) "depends not on the number of separate infringements, but rather on (1) the number of individual 'works' infringed and (2) the number of separate infringers."); *see also* Nimmer on Copyright § 14.04[E][2][d] (2023) (same); *Deyoung v. Wear*, No. 1:20-CV-549, 2021 U.S. Dist. LEXIS 227217, *10 (W.D. Mich. Mar. 29, 2021) (same); *Sony/ATV Music Publ'g LLC v. 1729172 Ont., Inc.*, No. 3:14-cv-1929, 2018 U.S. Dist. LEXIS 140856, *29 (M.D. Tenn. Aug. 20, 2018) (same).

34.    Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their inducement of GE and one or more of the Third-Party Infringers to use the Photos exceeded the scope of their limited license to use the Photos; and/or because they acted with reckless disregard of Plaintiff's copyrights. As described herein, Plaintiff specifically discussed these issues with Defendants on several occasions, and

Defendants were well aware of their limited rights to use the Photos and lack of authority to consent to others' use of the same.

35.     As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendants' profits attributable to the infringement; or statutory damages of up to $150,000 per work infringed by each separate infringer, plus attorney's fees and costs of court.

## COUNT 3: VICARIOUS INFRINGEMENT

36.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

37.     In addition to, and/or in the alternative to direct infringement, Defendants Leroy Johnson, Kent Johnson, Ben Johnson, and Alfred Johnson (as officers and owners of Four Brothers) are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the activities of Four Brothers' agents, contractors, and representatives (including the person or persons who induced GE and one or more of the Third-Party Infringers to use Plaintiff's Photos), and the practical ability to stop the infringement (by prohibiting Four Brothers' agents, contractors, and representatives from inducing others to use the Photos); and because they had a direct financial interest in the infringing activities of GE and the Third-Party Infringers by virtue of the business generated through their unlicensed use of the photographs at issue (which generated secondary exposure for Four Brothers),[2] *See, e.g., Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)).

38.     Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that Four Brothers' inducement of others to use the photographs at issue was unauthorized and/or because they acted

---

[2] *See, e.g.*, GE's social media post illustrated at p. 4, *supra*, "tagging" Four Brothers.

with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that Four Brothers' actions were inducing others to infringe Plaintiff's copyrights.

39.    As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## **PRAYER**

Plaintiff prays for:

A.    An order that Defendant GE, and all persons under its direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photos;

B.    For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.    An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505;

D.    Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.    Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**
1204 San Antonio Street, Second Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com

By: _R. Buck McKinney_
R. Buck McKinney
Texas Bar No. 00784572
buck@aminiconant.com
*Counsel for Plaintiff*